IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

INTERNATIONAL UNION,
UNITED MINE WORKERS OF
AMERICA, et al.,

     Plaintiffs,

v.                        CIVIL ACTION NO. 1:16-12506

CONSOL ENERGY, INC.,

     Defendant.

## MEMORANDUM OPINION AND ORDER

The dust has settled after a preliminary injunction was entered, an arbitration decision rendered, and this court's preliminary injunction order appealed.  Now, International Union, United Mine Workers of America ("UMWA") and retired coal miners (collectively "Plaintiffs")[1] seek to amend their complaint for a second time.  ECF No. 67-3.  For good cause shown, the court **GRANTS** Plaintiffs' motion for leave to file a Second Amended Complaint.

---

[1] The Second Amended Complaint requests the dismissal of plaintiff, George Dunford.  See ECF No. 67 at p.4.  Plaintiffs' counsel orally requested Dunford be dismissed during the preliminary injunction hearing on February 1, 2017.  No objection has been made by counsel for Defendants.  Accordingly, pursuant to Rule 41 of the Federal Rules of Civil Procedure, the court hereby **DISMISSES** Dunford from the case.

## I.   BACKGROUND

### A. Factual History

The dispute centers on whether the defendant, CONSOL Energy, Inc., can unilaterally change the health care benefits contractually negotiated with UMWA under the 2011 National Bituminous Coal Wage Agreement ("NBCWA").  This 2011 NBCWA, like its predecessor agreements, included an "Employer Plan" guaranteeing lifetime health care benefits for its eligible retirees.  ECF No. 16 at ¶¶ 20-30.  In order to ensure uniformity and resolve disputes, the parties to the 2011 NCBWA (and earlier NCWBAs) established a Resolution of Dispute procedure.  This Resolution of Dispute procedure conferred power upon four Trustees to issue opinions arising from disputes that are binding upon the parties.  Id.

In March and May 2016, CONSOL transmitted three (3) letters to retiree participants in the Employer Plan, indicating its intent to no longer offer lifetime health care benefits.  Id. at ¶¶ 35-38.  Each of these letters was written on CONSOL letterhead.  CONSOL later announced that it would offer to fund health savings accounts for retiree participants instead.  See id. at ¶ 3.

In November 2016, UMWA filed a Resolution of Dispute on behalf of a retiree.  In its complaint, the UMWA requested a determination as to whether CONSOL may "implement any unilateral

2

changes or modifications of the benefits provided by its plan,
either during the term of the 2011 NBCWA or following its
termination." See ECF No. 1, Ex. D.  UMWA also requested that
the opinion of the Trustees require CONSOL to "notify its
retirees that it cannot make any changes in their benefits
without the agreement of the UMWA." See id.  CONSOL and UMWA
also engaged in communications after the retirees' receipt of
CONSOL's letters, but the parties were unable to reach an
agreement.  Id.

### B. Procedural History

On December 23, 2016, Plaintiffs filed a Complaint for
Injunctive Relief against CONSOL Energy, Inc., requesting
injunctive relief under Section 301 of the Labor Management
Relations Act, 29 U.S.C. § 185(a).  ECF No. 1.  Less than a
month later, Plaintiffs filed a motion for preliminary
injunction, seeking to enjoin CONSOL from taking action to
change the benefits available under the Employer Plan until the
completion of the Resolution of Dispute process.  ECF No. 8.

Before a hearing on the motion for a preliminary
injunction, CONSOL filed a motion to dismiss for lack of
jurisdiction.  ECF No. 13.  In an effort to circumvent this
jurisdictional argument, Plaintiffs filed an Amended Complaint
naming as defendants four (4) CONSOL subsidiaries: Helvetia Coal
Company, Island Creek Coal Company, Laurel Run Mining Company,

and CONSOL Amonate Facility, LLC (collectively "CONSOL's Subsidiaries").  See ECF No. 16.

On February 1, 2017, the court heard oral argument on Plaintiffs' motion for a preliminary injunction.  Among other arguments, Defendants alleged a lack of personal jurisdiction over CONSOL's Subsidiaries.  In the midst of the parties' post-hearing briefs, Plaintiffs again sought leave of court to file a Second Amended Complaint to correct these jurisdictional defects.  ECF No. 44.  Specifically, Plaintiffs attempted to add three (3) causes of action for alleged violations of the Employer Retirement Income Security Act of 1974 ("ERISA"), § 2 et seq., 29 U.S.C. § 1001 et seq., because the statute provides for nationwide service of process.  See 29 U.S.C. 1132(e)(2). Defendants opposed the amendment for essentially the same reasons as stated in the instant motion.  See ECF No. 48.

On March 17, 2017, the court granted Plaintiffs' motion for a preliminary injunction, enjoining and prohibiting CONSOL:

> (1) From terminating, changing or replacing the 2011 [NCWBA Employer Plan], which is presently providing health care coverage to retired miners, pending the results of the arbitration now underway and the further order of this court; and (2) From communicating further in any way with participants and beneficiaries of the Employer Plan informing them of termination, replacement or changes to the Employer Plan.

ECF No. 51.[2]  The court also concluded that even though CONSOL's Subsidiaries were signatories to the 2011 NBCWA,

> CONSOL Energy is the corporate parent . . . the agent of Defendant subsidiaries, none of which have employees or other personnel to make any significant operational or administrative decisions or exercise control over the Employer plan independent of Defendant CONSOL . . .  As such, the court concludes that Defendant CONSOL Energy is the real party in interest and is subject to the court's power to issue an injunction.

ECF No. 50 at p.11.  With this in mind, the court determined that CONSOL was bound by the 2011 NCBWA and subject to the pending Resolution of Dispute.  See ECF No. 51.

    As to CONSOL's jurisdictional defenses, the court concluded that it had personal jurisdiction over CONSOL.  ECF No. 50, at p.9.  On the other hand, the court determined that there was no personal jurisdiction over CONSOL's Subsidiaries because there existed only attenuated contacts with West Virginia and the Southern District of West Virginia.  Id. at p.10.  Accordingly, the court dismissed CONSOL's Subsidiaries from the action.[3]  Id. at p.25.

---

[2] An appeal of the court's preliminary injunction to the Fourth Circuit Court of Appeals was dismissed as moot.  ECF No. 70.

[3] Nevertheless, the injunction applied to CONSOL's Subsidiaries because the injunction extended to CONSOL's "officers, agents, servants, employees, attorneys, successors, and assigns, and persons or entities acting in active concert or participation therewith."  ECF No. 51 at p.2.

On October 31, 2017, the Resolution of Dispute Opinion was issued in favor of Plaintiffs.  ECF No. 67-1.  Jurisdictionally, the Opinion determined that CONSOL was bound by the 2011 NBCWA. Id. at p.9.  On the merits, the Opinion held that CONSOL may not modify or change the existing Employer Plan, unless by joint agreement with the UMWA.  Id.  Therefore, because "[n]o agreement with the [UMWA] has been reached for replacing the [Employee Benefits Plan] with Health Reimbursement Accounts]," CONSOL has no authority to make such changes unilaterally.  Id. at pp. 6-7.

On the same day and with this favorable Opinion in hand, Plaintiffs returned to this court seeking to file a revised Second Amended Complaint.[4]

## II.  SUBSTANCE OF THE AMENDMENT

Plaintiffs' amendment seeks to include two causes of action.[5] ECF No. 67-3.  First, Plaintiffs include a cause of action requesting this court confirm the Resolution of Dispute Opinion

---

[4] The court denied Plaintiffs' original motion to file a second amended complaint as moot.  See ECF No. 74.

[5] Plaintiffs' proposed Second Amended Complaint also included a cause of action seeking to continue the court's March 17, 2017 preliminary injunction until the court confirms the arbitration decision (Count 2).  At the May 10, 2018 hearing, counsel for Plaintiffs requested the court strike this count in light of Defendants representation that it would continue to offer retirees the benefits available under the Employer Plan until the conclusion of this action.  Defendants did not oppose this motion.  Plaintiffs' motion to strike Count 2 is **GRANTED**.

(Count 1).   Second, Plaintiffs seek to bring an ERISA claim against CONSOL and CONSOL's Subsidiaries due to their misleading written communications sent to retiree participants (Count 3). Id.  On a related note, Plaintiffs use ERISA's nationwide service of process provision to again include the CONSOL Subsidiaries as defendants, despite their previous dismissal. Id.

### III. APPLICABLE LAW

Federal Rule of Civil Procedure 15 governs the amendment of pleadings.  Rule 15(a)(1) provides a plaintiff with an opportunity to amend his or her complaint once as a matter of course, subject to certain time limitations.  Rule 15(a)(2), on the other hand, provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  The United States Supreme Court indicated that leave to amend a pleading should be denied only (1) when the amendment would be prejudicial to the opposing party, (2) there has been bad faith on the part of the moving party, or (3) the amendment would be futile.  Foman v. Davis, 371 U.S. 178, 182 (1962).

### IV.  DISCUSSION

Defendants allege that allowing the proposed amendment would be futile.  Further, Defendants assert that Plaintiffs'

ERISA claim is grounded in bad faith because it engages in gamesmanship by fundamentally transforming Plaintiffs' original complaint, which only requested a preliminary injunction, to an action which now seeks additional remedies.

## A. Futility

An amendment is futile under Rule 15 if it would fail to survive a motion to dismiss for failure to state a claim.  See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008).  Granting leave to amend a complaint is futile when the proposed amendment is "clearly insufficient or frivolous on its face."  Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986).  More specifically, "[f]utility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011).  That is, an amendment is futile if it does not satisfy the requirements of the Federal Rules of Civil Procedure.  See Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (district court did not abuse its discretion in denying leave to file an amended complaint where the proposed amended complaint did not properly state a claim under Rule 12(b)(6)).

### 1. Count I: Confirmation of Resolution of Dispute Opinion Is Not Futile

CONSOL continues to argue that it is not subject to the Resolution of Dispute process or bound by its October 31, 2017 Opinion because it was not actually a signatory to the 2011 NCBWA, which authorized the Resolution of Dispute procedure. See ECF No. 68 at p.5.  CONSOL's disagreement is with the court's March 17, 2017 preliminary injunction order where the court concluded that CONSOL is subject the Resolution of Dispute procedure as the "real party in interest."  ECF No. 50 at p.11. The court will not upset its previous ruling and finds that allowing Plaintiffs to amend their complaint to assert Count I would not be futile.

### 2. Count III: ERISA Claim Is Not Futile.

The retiree plaintiffs allege that CONSOL and CONSOL's Subsidiaries are liable under ERISA Section 502, 29 U.S.C. § 1132 for breach of their fiduciary duties.[6]  Section 502(a)(3) permits a civil action,

---

[6] Before determining whether the retiree plaintiffs have a claim, the court briefly digresses to consider Defendants' argument that the retirees do not have standing to bring this action because they are not suing in a representative capacity, but as individuals.  ECF No. 68 at p.13.  Defendants rely on Estate of Spinner v. Anthem Health Plans of VA, 589 F. Supp. 2d 738, 745 (W.D. Va. 2008).  But Spinner deals with § 502(a)(2), not § 502(a)(3), which is at issue.  Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California, 463 U.S. 1, 25, (1983) ("Section 502(a) specifies which persons-participants, beneficiaries, fiduciaries, or the Secretary of

> "by a participant, beneficiary, or fiduciary (A) to
> enjoin any act or practice which violates any
> provision of this subchapter or the terms of the plan,
> or (B) to obtain other appropriate equitable relief
> (i) to redress such violations or (ii) to enforce any
> provisions of this subchapter or the terms of the
> plan."

29 U.S.C. § 1132(a)(3).

"In order to establish a claim for breach of fiduciary duty based on alleged misrepresentations, a plaintiff must show: 1) that a defendant was a fiduciary of the ERISA plan, 2) that a defendant breached its fiduciary responsibilities under the plan, and 3) that the participant is in need of injunctive or other appropriate equitable relief to remedy the violation or enforce the plan.  Adams v. Brink's Co., 261 F. App'x 583, 589–90 (4th Cir. 2008) (emphasis added), citing Griggs v. E.I. DuPont de Nemours & Co., 237 F.3d 371, 379-80 (4th Cir. 2001), and Blair v. Young Phillips Corp., 235 F. Supp. 2d 465, 470 (M.D.N.C 2002).  Because the second question – whether Defendants breached its fiduciary responsibility – is inherently factual and unchallenged by Defendants, the court discusses the first and third prongs in turn.

---

Labor-may bring actions for particular kinds of relief.")
(emphasis added).  As to who may bring a civil action under §
502(a)(3), in Varity Corp. v. Howe, 516 U.S. 489 (1996), the
Supreme Court recognized that individual participants may sue a
fiduciary for breach of its fiduciary duties under § 502(a)(3).
The court proceeds to determine if the retirees have stated a
proper ERISA claim.

### a. Are CONSOL and CONSOL's Subsidiaries Fiduciaries?

Plaintiffs must first demonstrate that CONSOL and CONSOL's Subsidiaries were acting in a fiduciary capacity.  ERISA § 3(21)(A) defines "fiduciary" as:

> [A] person is a fiduciary with respect to a plan to the extent--
> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets,
> (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

The context of a plaintiff's claim matters when determining who is a fiduciary.  The Fourth Circuit in Coleman v. Nationwide Life Ins. Co., determined "the inclusion of the phrase 'to the extent' in § 1002(21)(A) means that a party is a fiduciary only as to the activities which bring the person within the definition . . .  In other words, a court must ask whether a person is a fiduciary with respect to the particular activity at issue."  969 F.2d 54, 61 (4th Cir. 1992) (collecting cases); see also Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 192 (4th Cir. 2002) ("The same entity may function as an ERISA fiduciary in some contexts but not in others.").  Thus, the court must determine whether CONSOL and CONSOL's Subsidiaries

were acting as fiduciaries regarding the activity at issue – the misleading communications to the retirees.

To determine whether a person is a fiduciary "with respect to the particular activity at issue, a court is required to examine the relevant documents to determine whether the conduct at issue was within the formal allocation of responsibilities under the plan documents and, if not, ascertain whether, in fact, a party voluntarily assumed such responsibility for the conduct at issue." Coleman, 969 F.2d at 61 ("There simply is no basis in the plan document or [defendant's] actions to conclude that [defendant] possessed or exercised discretionary authority or responsibility with respect to the notification at issue.).

The record appears clear that CONSOL, not CONSOL's Subsidiaries, wrote the March and May 2016 letters to its retiree participants. However, CONSOL's Subsidiaries, not CONSOL, were the actual signatories to the NCBWA. Therefore, the court remains aware that that CONSOL's Subsidiaries did not engage in any action regarding the alleged misleading communications at issue. Id. Nevertheless, in order to untangle the specific actions taken by each defendant and to become fully aware of the responsibilities allocated under the Employer Plan, the court allows Plaintiffs' ERISA claims against all Defendants to proceed. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989) (looking to plan documents to

determine whether plan administrator exercised discretionary powers in interpreting plan provisions); see also Rambus, Inc. v. Infineon Tech., AG, 304 F. Supp. 2d 812, 819 (E.D. Va. 2004) ("Courts generally favor the 'resolution of cases on their merits' . . . [t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, e.g., under motions to dismiss or for summary judgment, . . . , or for resolution at trial.") (quoting Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)); Sentara Virginia Beach Gen. Hosp. v. LeBeau, 182 F. Supp. 2d 518, 525 (E.D. Va. 2002) ("A complaint cannot be dismissed merely because the court doubts the plaintiff will prevail in the action.") (citing Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

### b. Is Plaintiffs' Claim for Declaratory Relief Properly Pled?

Determining the scope of "other appropriate relief" under Section 502(a)(3) is not without controversy.  The Supreme Court first evaluated the meaning of "equitable relief" in Mertens v. Hewitt Associates 508 U.S. 248 (1993).  Here, plan participants sought monetary relief after the plan actuary failed to make a proper actuarial assumption when calculating the plan's assets. The Supreme Court held § 502(a)(3) did not authorize suits for compensatory damages.  In reaching this conclusion, the Mertens court announced that "equitable relief" under § 502(a)(3)

encompasses "those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)."  508 U.S. 248, 256 (1993).

As relief, Plaintiffs' Second Amended Complaint requests that the court:

> Enter an order declaring that Defendants, by and through their misleading communications to Plaintiffs and other retired miners, have breached their fiduciary duties under ERISA; and, award reasonable attorneys' fees and the costs of this action . . .

ECF No. 67-3 at p.16.  At the hearing, Plaintiffs' counsel represented that retiree plaintiffs request for declaratory relief centers upon obtaining an order from the court declaring that Defendants may not change the retirees' benefits without agreement from the UMWA.  This request for relief appears to be drawn from equity, Mertens, 508 U.S. at 256, therefore the Second Amended Complaint states redress available under Section 502(a)(3).

Accordingly, allowing Plaintiffs' ERISA claim to move forward would not be futile.

**B. Defendants' Fairness Arguments**

Defendants object that Plaintiffs' proposed Second Amended Complaint should be denied due to undue delay, dilatory motive, and bad faith.  The court understands Defendants' frustration. Plaintiffs' original complaint requested only injunctive relief.

14

Plaintiffs obtained this relief and now want more.  This
frustration is exacerbated by the fact that Plaintiffs attempt
to add CONSOL's Subsidiaries as defendants for a second time
using ERISA's nationwide service of process provision, despite
the court's earlier dismissal of CONSOL's Subsidiaries.

　　　Viewed more concretely, however, this parade of horribles
is not so.  While the alleged conduct at issue for Plaintiffs'
ERISA claims stems from March and May 2016 communications,
Plaintiffs' amendment is not dilatory.  Plaintiffs attempted to
include an ERISA claim within its proposed original Second
Amended Complaint, filed on March 1, 2017.[7]  Plaintiffs filed its
motion to file a second amended complaint just four months after
Plaintiffs' original complaint and before this court's dismissal
of CONSOL's Subsidiaries for lack of jurisdiction.  ECF No. 51.
Moreover, this case remains in its infancy – without any
discovery having been undertaken and no scheduled date for
trial.  See Mayfield v. NASCAR, 674 F.3d 369 (4th Cir. 2012)
(affirming the district court's denial of a motion to amend
where the plaintiff had no justification for failing to include
additional allegations in the original complaint, the complaint
was filed over two and one-half years prior, and significant
discovery had already been conducted).

---

[7] This court never decided this motion because of the pending
Resolution of Dispute.  See ECF No. 44-1.

Second, the court can find no bad faith in the filing of the proposed Second Amended Complaint.  The proposed claims and the original request for a preliminary injunction are all intertwined in CONSOL's attempt to unilaterally change the health coverage of its retirees.  See Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (affirming denial of a motion to amend because the amendment would have changed the nature of the litigation and prejudicing defendant's "ability to assess rationally its exposure to a damages award.").  Moreover, within its Resolution of Dispute, Plaintiffs requested the relief it now requests in its ERISA claim.  See ECF No. 1, Ex. D (requesting "Consol must notify its retirees that it cannot make any changes in their benefits without the agreement of the UMWA.").  The Resolution of Dispute Opinion declined to order this remedy.  See id.  Thus, Plaintiffs are not acting in bad faith by requesting this court provide declaratory relief under ERISA.

Finally, Defendants allege that Plaintiffs' ERISA claim functions as a backdoor for the inclusion of CONSOL's Subsidiaries.  Indeed, the proposed amendment provides Plaintiffs with personal jurisdiction over CONSOL's Subsidiaries.  Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 443 (4th Cir. 2015).  The parties provide the court with inconsistent

16

case law as to whether personal jurisdiction over one defendant in one claim affords personal jurisdiction as to all claims. However, these arguments are for another day.  The court cannot conclude that Plaintiffs, who stated a valid ERISA claim against Defendants, engaged in bad faith.

## V.   CONCLUSION

For the reasons above, the court **GRANTS** Plaintiffs' motion for leave to file a second amended complaint (ECF No. 67)**.** Within seven (7) days, Plaintiffs are **DIRECTED** to file a complaint consistent with this Memorandum Opinion and Order[8] and the Clerk is **DIRECTED** to file that complaint as Plaintiffs' "Second Amended Complaint."

The Clerk is further **DIRECTED** to send a copy of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 21st day of May, 2018.

Enter:

David A. Faber
Senior United States District Judge

---

[8] In summary, Plaintiffs must remove Count 2 of the proposed Second Amended Complaint, which has been stricken. Additionally, the court directs the parties to confer and ensure Plaintiffs have named the proper Defendants in light of CONSOL's recent corporate separation.